IN THE MATTER OF THE APPLICATION OF THE NEW YORK CEN-
TRAL RAILROAD COMPANY TO ACQUIRE LANDS OF ABNER A.
ARMSTRONG.

Under the general railroad act the question as to the necessity of the appropriation of lands for the use of a railroad corporation is a judicial one for the court to determine; and when controverted the facts must, in some form, be presented to the court to enable it to decide.

Where a railroad corporation makes application to acquire land in addition to that which it is entitled to take for its roadway, and objections are made by the owner, coupled with a denial of the special allegations of the petition respecting the purposes for which the land is required, the burden is upon the petitioner of adducing proof of the special circumstances alleged in support of the averment that it requires the land.

The provision of the general railroad act (§ 15, chap. 140, Laws of 1850, as amended by § 2, chap. 282, Laws of 1854), authorizing the land owner to disprove the allegations of the petition was intended to enable him to introduce proof upon his part to meet that offered by the petitioner, and to disprove allegations of the petition capable of being disproved; as to the special circumstances lying within the knowledge of the petitioner it is put to its proofs, if the owner show sufficient cause against the petition.

(Argued May 23, 1876; decided June 20, 1876.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department reversing an order of Special Term appointing commissioners of appraisal herein.

The petition asked for the appointment of commissioners to appraise the compensation to be made to the several owners for a strip of land two rods wide along the south bounds of the company's land, in the town of Mentz, Cayuga county. It alleged the location and construction and opera-

tion of the petitioner's road, and then contained this averment: "That in addition to the land already owned by your petitioner and forming a part of its said railroad, your petitioner requires for its purposes of incorporation, for roadway, switches, turnouts, and for the purpose of running and operating its said railroad, and for the flow of water occasioned by railroad embankments or structures now in use or about to be constructed, and for the construction of the necessary additions to the roadway of your petitioner, and for the transaction of its business, the following described piece or parcel of land, to wit." Following which was a description of the land in question. At the time of the hearing, specified in the notice, Armstrong appeared and filed an affidavit, the material portions of which are as follows:

"That the petitioner has heretofore taken and laid its railroad through the farm owned by deponent in Mentz, the full width of six rods, adjoining the strip of land described in said petition, and is still the owner and occupant of the said six rods in width of land; and, as deponent is advised, the said six rods of land in width is all the petitioner has a right to acquire for its said road. And deponent deposes and says that the petitioner does not require nor need the land or premises described in said petition for the purposes of its incorporation, for roadways, switches, turnouts, or for the purpose of running or operating its said railroad, or for the flow of water occasioned by railroad embankments, or switches now in use or about to be constructed, or for the construction of the necessary additions to the roadway of said petitioner, or for the transaction of its business. That, as deponent is informed and advised, the six rods of land in width through deponent's premises, already owned and taken by petitioner, is all that is necessary for present or contemplated use of the said railroad for any purpose whatever."

The court ruled that the onus was upon Armstrong to disprove the facts alleged in the petition, to which said Armstrong duly excepted; and upon his refusal to adduce proof, an order was granted appointing commissioners.

*Edward Harris* for the appellant. The objections to the petition were not well taken, and were properly overruled. (*In re N. Y. C. and H. R. R. R. Co.* v. *Kip*, 46 N. Y., 552; *R. and S. R. R. Co.* v. *Davis*, 43 id., 137.) Upon the issue formed by the respondent's affidavit, the burden of proof was upon him. (Laws 1850, chap. 140, § 15; *R. and S. R. R. Co.* v. *Davis*, 43 N. Y., 143 *B. and S. L. R. R. Co.* v. *Reynolds*, 6 How. Pr., 96.)

*H. V. Howland* for the respondent. The petition did not state facts showing that the lands proposed to be taken were necessary for any legitimate use of the railroad company. (*People* v. *Smith*, 21 N. Y., 595, 598; *R. and S. R. R. Co.* v. *Davis*, 43 id., 144; *Cornell* v. *Barnes*, 7 Hill, 38, note; Laws of 1869, chap. 237; Laws of 1850, chap 140, § 15; *Adams* v. *S. and W. R. R. Co.*, 10 N. Y., 328.) The petitioner was bound to allege facts which made a case showing the court had jurisdiction under the act of 1869. (*Cornell* v. *Barnes*, 7 Hill, 38, note; 43 N. Y., 137.) The owner's affidavit denying the allegation of the petition was sufficient to prevent the granting of the motion. (Laws 1850, chap. 140, § 15; *Adams* v. *S. and W. R. R. Co.*, 10 N. Y., 328; *B. and S. L. R. R. Co.* v. *Reynolds*, 6 How. Pr., 9.)

RAPALLO, J. In the case of *Rensselaer and Saratoga Railroad Company* v. *Davis* (43 N. Y., 137) this court decided that, by the general railroad law, the legislature had not delegated to railroad corporations the power of determining what lands were necessary to be appropriated to their use for the purposes of their incorporation, but that, under that statute, it was for the court to determine, upon the application by a railroad company to acquire lands, the question of the necessity and extent of the appropriation, and that the land owner might contest this question. This necessity is, therefore, made a judicial question, and, when controverted, it is obvious that the facts must, in some form, be laid before the court to enable it to decide.

The statute prescribes the form of the petition to be presented to the court by the corporation seeking to acquire lands. It requires, among other things, that the petition shall contain a description of the land sought to be acquired, and must state that the land described is required for the purpose of constructing or operating the road. This is all that is required to be stated in the petition on the subject of the necessity. By the amendment of 1869, under which the present application is made, companies are empowered, after the construction of their roads, to acquire additional lands, if required for the purpose of operating the roads, or for any of the numerous purposes specified in the amendment, but the form of the petition is not changed.

The petition, in the present case, alleged that, in addition to the land already owned by the petitioner, it required the lands in controversy "for the purpose of its incorporation, for roadway, switches, turnouts, and for the purpose of running and operating its said railroad, and for the flow of water occasioned by railroad embankments or structures now in use or about to be constructed, and for the construction of the necessary additions to the roadway of the petitioner, and for the transaction of its business."

At the time appointed for the hearing of the petition, the respondent appeared and presented to the court his affidavit stating that he was the owner of the land sought to be taken and that the company had already taken a strip six rods in width through his farm, which was all the petitioner had the right to take. The affidavit then proceeds to deny that the petitioner required the land for any or either of the purposes alleged in the petition, and avers that the six rods already taken through the respondent's farm were all that the company required.

The court held that the onus was upon the respondent to show that the petitioner did not require the land, and decided that it would proceed to appoint commissioners unless the respondent offered evidence to show that the petitioner did not require the lands, and, thereupon, no proofs having been

offered, the court, against the objection of the respondent, appointed commissioners.

This ruling of the court was based upon its construction of section 15 of the general railroad law (3 Stat. at Large, 641), which provides that, on presenting the petition to the court with proof of service, any of the persons whose estates or interests are to be affected by the proceedings may show cause against granting the prayer of the petition, and may disprove any of the facts alleged in it. That the court shall hear the proofs and allegations of the parties, and if no sufficient cause is shown against granting the prayer of the petitioner, it shall make an order for the appointment of commissioners of appraisal.

It is claimed on the part of the company, and the court at Special Term held, that this section cast upon the respondent the burden of proving that the lands were not required for any of the purposes stated in the petition, and that in default of such proof the petitioner was entitled to the order.

The provision that the land owner may disprove the allegations of the petition gives color to this construction, but it seems to us contrary to the general intent of the act. The provisions securing notice and a right of being heard to all persons interested, and requiring the court to hear the proofs and allegations of the parties, show that the legislature intended that landowners should not be deprived of their property except by a judicial trial or investigation, and determination of the right claimed by the corporation, and that this was to be a substantial protection and not a mere matter of form. Some of the allegations which the law requires to be contained in the petition are so specific that they would be capable of being negatived by proof, but the principal allegation, viz., that the land is required for the purpose of constructing or operating the road, is one the negative of which could not be shown further than was done in this case. All that the land owner could show was the fact that the company had already laid out its roadway of the width of six rods through his farm. This was the extent to which, in the absence of

special circumstances, it was entitled to take land for a road-way (Gen. R. R. Act, § 28, subd. 4), and it appears, by the petition itself, that the company already had a roadway of this width. This objection, coupled with a denial of the special allegations of the petition respecting the purposes for which the respondent's land was required, was, we think, a sufficient showing of cause to have required that the petitioner adduce some proof of the special circumstances alleged in the petition in support of the averment that it required the land. These it was impossible for the respondent to negative by proof, and if judgment was to go against him on his failure to do so, the provisions designed for his protection would be totally ineffectual. For instance, one allegation is this, the land was required for the flow of water occasioned "by railroad embankments or structures now in use *or about to be constructed.*" How could the respondent know what structures were intended to be constructed, and how could he disprove this allegation? And yet, if he had failed to disprove it, although he had succeeded in disproving all the other allegations touching the necessity of taking these lands, he would, on the construction claimed, have failed in defeating the application, for he would have failed to show that the lands were not required, for some purpose. The same may be said of the general allegations that the land was required by the petitioner "for the purposes of its incorporation," and "for the transaction of its business." These are allegations, the negatives of which were not capable of proof by one not cognizant of the plans and intentions of the corporation. We think that it was incumbent upon the company to give proof in support of these allegations, and that the provision of the statute that the landowner may disprove the allegation was intended to enable him to introduce proofs on his part to meet those offered by the petitioners; and to disprove any allegations in the petition which were capable of being disproved; but that as to others it was sufficient if he showed sufficient cause against the petition to put the petitioner to proof of matters lying specially within its knowl-

'edge. When such cause was shown, it was incumbent upon the court to hear the proofs and allegations of the parties, and after having elicited the necessary facts to adjudge whether or not the lands were reasonably required for the operation of the road.

These views lead to an affirmance of the order of the General Term.

All concur; ALLEN, J., not sitting.

Order affirmed.