# SUPREME COURT.

MATTER OF ONE HUNDRED AND THIRTY-EIGHTH STREET, &c.

*Constitutional law — Practice in street-opening matters in New York city.*

Chapter 604, Laws of 1874, entitled " An act to provide for the surveying, laying out and monumenting of certain portions of the city and county of New York, and to provide means therefor," is not unconstitutional for the reason that being a local act the subject of opening streets is not expressed in its title as required by section 16 of article 3 of the constitution.

Objections and affidavits in opposition to the report of the commissioners of estimate and assessment, which were not presented to the commissioners within the time or in the manner required by the statute cannot be received upon a motion to confirm their report, a sufficient excuse not being alleged for the omission.

The report of the commissioners will be regarded with the same or even greater consideration than the verdict of a jury on the question of the value of the property taken or amount assessed, and unless some wrong principle has been adopted in estimating awards granted or assessments imposed, the report will be confirmed.

*Special Term, November,* 1880.

On the 17th day of November, 1880, the commissioners of estimate and assessment presented their report to the court

for confirmation. Assessments for benefit were levied upon the property adjacent to the streets and upon the city. The corporation counsel asked leave to object to part of the report which awarded substantial awards for portions of land in One Hundred and Thirty-eighth street, and to read certain affidavits which had not been submitted to the commissioners in support of the objection that these lands had been dedicated. Various property owners appeared by counsel, some in favor of the motion to confirm and others in opposition thereto.

The nature of the objections sufficiently appear in the opinion.

*James A. Deering* and *John C. Shaw*, for property owners, moved for confirmation of report.

*William S. Tedball, E. Huerstel, Ernest Hall* and *George E. King*, for motion.

*William C. Whitney*, corporation counsel, and *Arthur Berry*, for the mayor, &c., opposed.

*John H. Strahan* and *William J. Marvin*, for property owners, opposed.

LAWRENCE, *J.* — The claim that the act of 1874 under which these proceedings were instituted is unconstitutional, for the reason that, being a local act, the subject of opening streets is not expressed in its title as required by section 16 of article 3 of the Constitution, cannot, in my opinion, be successfully maintained. The title of the act is "An act to provide for the surveying, laying out and monumenting of certain portions of the city and county of New York, and to provide means therefor" (*Laws of* 1874, *chap.* 604, *p.* 831).

The section of the Constitution with which this act is said to fail to comply, has often been the subject of consideration

by the courts of this state. In the case of *Sun Mutual Insurance Company* agt. *The Mayor, &c., of New York* (4 *Selden*, *p.* 253), GARDNER, J., in delivering the opinion of the court, says: " There must be but one subject, but the mode in which the subject is treated, or the reasons which influence the legislature, could not and need not be stated. in the title according to the letter and spirit of the Constitution. * * * The purpose of the sixteenth section was, that neither the members of the legislature nor the public should be misled by the title, not that the latter should embody all the distinct provisions of the bill in detail." In the case of *The People ex rel. The Board of Commissioners of Washington Park* agt. *Banks* (67 *N. Y., p.* 568 *to* 572), Justice ALLEN, in delivering the opinion of the court of appeals, says: " It is not allowable for the purpose of invalidating a law to sit in judgment upon its title, to determine with critical acumen whether it might not have been more explicit and so drawn as more clearly and definitely to indicate the nature of the legislation covered by it. The legislature is not subject to judicial control in respect to the form or mode in which the subject of a bill shall be expressed. If it is expressed the Constitution is satisfied."

In this case the learned justice in his opinion collates many of the authorities upon the section of the Constitution under consideration, and it is therefore unnecessary to refer to them more in detail here (*See also Newendorf* agt. *Duryea*, 69 *N. Y., p.* 557; *Matter of Volkering*, 52 *N. Y., p.* 650). Guided by these decisions I find no difficulty in upholding the constitutionality of the act of 1874.

That act has but one subject, and the subject is expressed in its title. The subject may be briefly defined to be the laying out or improvement of that portion of the city and county of New York which is referred to in the first section of the act. The criticism that the title of the act does not refer to the power given by the fourth section of the act to the commissioners of the department of public parks, to acquire title

to the lands required for the streets, avenues and roads, I do not regard as sound. The title of the act provides for the surveying, "laying out" and monumenting, &c. I regard the term "laying out" as sufficiently comprehensive to embrace proceedings for the acquisition of the title to the lands required for the purposes of streets, avenues and roads mentioned in the act (*See Webster's Dictionary as to the meaning of the term "laying out."*)

Furthermore, although it is the duty of the court to declare an act of the legislature as invalid where it clearly violates the provisions of the constitution, no court will be warranted in pronouncing a statute unconstitutional, unless its unconstitutionality is manifestly plain, and this in any view which may be taken of it is not to my apprehension such a case.

With reference to the provisions of the act of 1880 (*chap.* 579, *pp.* 868 *and* 869), it is sufficient to observe that an examination of the act satisfies me that it was intended to operate prospectively and not retrospectively. It cannot be supposed that the legislature intended the act to apply to a proceeding which had progressed to completion, so far as the work of the commissioners was concerned when the act was passed.

It seems clear to me that if such had been the intent of the legislature it would have been expressed in plain and positive terms, without being left to inference or implication (*See Calkins* agt. *Calkins*, 3 *Barb.*, 310; *Dash* agt. *Van Kleeck*, 7 *Johns.*, 477; *Snyder* agt. *Snyder*, 3 *Barb.*, 621; *Wood* agt. *Oakley*, 11 *Paige*, 403; *Potter's Dwarris on Statutes*, 162 *and* 163, *note* 9). The affidavits proposed to be read by the counsel to the corporation cannot be received at this stage of the proceeding. They were never presented to the commmissioners within the time or in the manner required by the statute, and a sufficient excuse is not alleged for this omission (*Matter of Harrison Street*, 19 *Johns. Rep.*, 231; *Matter of William and Anthony Streets*, 19 *Wend.*, 678; *Matter of Opening of the Eleventh Avenue*, 49 *Howard P. R.*, 288). The opinion of the general

term of this court in the matter of One Hundred and Fifty-sixth and other streets, is not in conflict with these views on this point (*See opinion of* INGALLS, *J., in which it is stated that the case is not in conflict with the Matter of the Eleventh Avenue*).

In the case of *One Hundred and Fifty-sixth street* the objector was allowed, if I correctly understand the case, an opportunity of presenting testimony to the commissioners in support of objections which had been theretofore properly taken before the commissioners.

In this case it does not appear that the city ever took the objections sought to be presented upon the affidavits handed to the court on this motion.

But even if the affidavits were to be received they do not so plainly make out, to my mind, that any error has been committed by the commissioners in the matter of the awards made for lands taken upon One Hundred and Thirty-eighth street, or in the assessments imposed upon the city for benefit, as to require me to send back the report to the commissioners, or even to justify me in doing so.

It is not at all clear that any substantial awards have been made by the commissioners for land which had been previously dedicated or acquired for a public street, or that the right of the city as riparian owners have been overlooked or disregarded.

The other objections which have been filed to the confirmation of the report of the commissioners, relate principally to the *amount of the assessments which have been imposed for the benefit derived from the improvement.

It has long been settled that the report of the commissioners will be regarded with the same favor as and even with greater consideration than the verdict of a jury on a mere question of value, as the commissioners are authorized to act upon a personal view and individual knowledge (*Matter of John and Cherry Streets,* 19 *Wend.,* 595 ; *Matter of Central Park,* 35 *Howard,* 265 ; *Matter of Opening Eleventh Avenue,* 49 *Hun,* 214).

The objections which were interposed by Mr. and Mrs. Hall, I am advised, are withdrawn.

Finally, I do not discover that any wrong principle has been adopted by the commissioners in the awards granted or in the assessments imposed, and it follows therefore that the report should be confirmed.