Lawrence, J.
This is an application on the part *154 of the Suburban Rapid Transit Company for the appointment by this court of commissioners of appraisal to ascertain and appraise the compensation to be made to the owners or persons interested in certain real estate proposed to be taken in the county of New York for the purposes of the petitioner.
On the return day named in the notice of motion, various parties appeared and opposed the granting of the prayer of the petition, and some of the objections which were urged on their behalf were elaborately argued, both orally and upon briefs, one of which has just been submitted. I have duly considered those objections, and have come to the conclusion that with one exception they must necessarily be overruled, for the reason that they either ought not to be passed upon by the court at this stage of the proceeding or that the property owners should not be permitted to urge them.
The objection which I think ought to be considered is that which is taken to the statement of facts contained in the petition in relation to the inability to agree with the owners of property sought to be condemned as to the compensation to be paid therefor. The 18th section of the act of 1875, chapter 606,' provides, among other things, that where a petition is presented for the appointment of commissioners in cases of this character, it shall show “ that the land described in the petition is required for the purpose of constructing or operating the proposed road, and that the company has not been able to acquire title thereto, and the reason of such inability.”
In this case, the allegation in the petition is “ that your petitioner has not. been able to acquire title to said land, and that the reason of such inability is that the owner thereof refuses to sell the same for any reasonable compensation, and that your petitioner has not been able to agree with the owner or owners of *155 such real estate, or of any interest therein, for the sale of the same to your petitioner.” It will be observed that the petition does not state what, if any, negotiations have been had on the part of the company with the owners of the lands for the purpose of acquiring title thereto—the simple statement being that the inability to acquire title to said land arises from the fact that the owner thereof refuses to sell the same for any reasonable compensation. What compensation was offered by the company and refused by the landowner, or what compensation was demanded by the land-owner and refused by the company, does not appear upon the face of the petition. The petitioner has substituted its own judgment for that of the court in determining the question whether the compensation demanded was reasonable or unreasonable, and no fact is stated to the court which enables it to determine whether the petitioner’s conclusion in this respect is correct or incorrect. A similar question recently arose in the Matter of the petition of the New York Cable Bailway Company, upon a motion on behalf of McEnroe and others to vacate and set aside an order appointing commissioners to ascertain and report whether a railroad should be constructed upon certain streets in the city of New York.
Daniels, J., in delivering the opinion of the General Term, in commenting upon an affidavit which was presented for the purpose of showing that the consent of the property owners could not be obtained, which affidavit contained the following statement, ‘ of which the aggregate property owners represent according to said assessment the sum of $29,837,375 declined to consent to the construction of said railways through the streets or avenues upon which their property was respectively situated, or such consent could not be obtained by reason of the absence of said owners from the City of New York. That application for such
*156 consents was made diligently and in good faith,” said: “But this affidavit contains no statement whatever that any effort had been made at any time to obtain the consent of the persons owning property fronting upon that part of this street over which it is proposed to construct and operate a railway. But the general statement has been inserted in the affidavit that the owners declined to consent, or that such consents could not be obtained by reason of their absence, and that application therefor had been made diligently and in good faith. What was done to obtain the consent of any one of the owners of property fronting upon the street is not disclosed or in any manner set forth, but all that the affidavit contains is general conclusions drawn by the person making it from actual or supposed facts not in any way stated or mentioned. This affidavit consequently shows no compliance with the requirements of the statute, for they clearly contemplated that some application shall be made to the owners of property fronting upon the street for their consent before the court will be authorized to appoint these commissioners (See also Matter of Broadway Underground Railway Company, 23 Hun, 693).”
If this case rested upon the petition alone, I should feel myself constrained to refuse the appointment of a commission as prayed for. The petitioner, upon the argument of the motion, presented and read affidavits which supplied the defects of the petition in this respect ; which detailed the negotiations that had been had with the parties opposing the appointment of commissioners for the purpose of acquiring title to the land in question, and which clearly showed that there was a wide difference of opinion between the officers of the company and the land-owners as to the value of the land sought to be acquired.
*157 It is said, however, that the petitioner had no right to present such affidavits. In this view I do not concur. It has, it is true, been frequently decided in proceedings to acquire the title to lands for streets in the city of New York that objections and affidavits in opposition to the report of the Commissioners of Estimate and Assessment which are not presented to the commissioners within the time and in the manner required by the statute cannot be received upon a motion to confirm their report, a sufficient excuse not being alleged for the omission (See Matter of One Hundred and Thirty-eighth street, 60 How. Pr. 290, and cases cited).
I do not regard the two cases, as strictly analogous, as the decisions which have been made in the street-opening cases have been rested upon the peculiar provisions of the act of 1813 and the acts amendatory thereto. 1 see no reason in this case why there may not be an-amendment of the petition, and provided the facts actually exist which require the court to act under the statute, the petitioner should be permitted to present them to the court, notice thereof being given to the other side.
There is another view of this case, which leads me to the conclusion that the affidavits in question should be received. Section 19 of the act of 1875 provides that on presenting such petition, &c. . . “ the court shall hear the proofs and allegations of the parties, and if no sufficient cause is shown against granting the prayer of the petition, it shall make an order,’’ &c. In this case, the allegation in the petition is that the owner “refuses to sell the same for any reasonable compensation.” That allegation was denied by the affidavits presented by the property owners, and an issue was raised upon it. I think the additional affidavits read on the part of the petitioner may be regarded as proof in support of the allegation in the *158 petition, and may be properly received as such. So regarding them, I am prepared to hold that the petitioner has made out a case showing an inability to agree with the property owners upon the compensation to be paid for the lands, and has a right to ask that the power conferred upon the court by the act of 1876 be exercised.
It is quite apparent to me that there was such a wide difference of opinion between the representatives of the petitioner and the land owners upon the subject of price that the petitioner can fairly say that they were unable to agree upon the same. Commenting upon a similar provision in the General Railroad law, Folger, J., in delivering the opinion of the court of appeals in the Matter of Prospect Park & C. I. R. R. Co. (67 N. Y. 377), said : ‘ ‘ That provision of the General Railroad law does not mean that it must be impossible to buy the right of way at any price, however large. It means that the owner must be either unwilling to sell at all or willing to sell only at a price so large as in the good judgment of the agents of the corporation is excessive.” That appears here. “Though the price offered to the owners was nominal, they refused any price, or that asked by them was so much beyond the view of value held by the president that there seemed no likelihood of agreement, and it was fitting that commissioners should be appointed to arrive at a sum to be given in each case.”
In the case of New York and Boston Railroad Company v. Godwin (12 Abb. Pr. N. S. 21), no attempt whatever had been made to agree with the owner of the land for its purchase (see p. 27). The case In the Matter of Marsh (71 N. Y. 315) would have been directly in point in this case had not the imperfections in the petition been cured by the affidavits subsequently read as already stated.
I have said above that the other objections urged *159 on behalf of Patrick Nolan and Farrington and others should be overruled either because they cannot be urged at this stage of the proceedings or because the property owners are precluded from raising them.
This remark should perhaps be qualified by excepting therefrom the objections which were taken to the description of the route contained in the plans and specifications in the articles of association. But I am of the opinion, after carefully examining those articles, that the description of the route is sufficiently specific to satisfy the requirements of the statute, and that that objection must also be overruled.
For these reasons I am of the opinion that the prayer of the petitioner should be granted, and as it appears that in a similar proceeding John Whalen, Hugh N. Camp, Charles C. Leary, Thomas Coman and Edward B. Fellows were appointed as commissioners, I shall appoint them commissioners herein.