STILLWATER AND MECHANICVILLE STREET RAILWAY COMPANY, Respondent, *v.* BENJAMIN J. SLADE, Appellant, Impleaded with Others.

*Condemnation proceedings to acquire land for a proposed railway — failure of a landowner to obtain a review of the location within fifteen days — sufficiency of a description contained in the petition — what facts show that the railroad company could not agree with the owners.*

Where a street railway company files in the county clerk's office a map and profile of land which it desires to acquire for the extension of its railroad, and a landowner affected by the proposed extension having, under sections 6 and 90 of the Railroad Law (Chap. 565 of the Laws of 1890), fifteen days after the service upon him of notice of the filing of the map and profile, within which to obtain a review of the location of the proposed extension, fails to institute proceedings to review such location within that time, he cannot oppose the location in a proceeding by the railroad for the condemnation of the property, the only question on the hearing before the referee, to whom the issues raised by the landowner's answer are referred, being whether it is necessary for the public use that the railroad company should take the land in question.

The petition in such a proceeding described the lands sought to be taken as follows: "Beginning at station two hundred and twenty-five plus ninety-eight (225+98) of the center line of the electric railway as now located," etc. The referee found that "Station two hundred and twenty-five plus ninety-eight" could not be ascertained without reference to the map on file in the county clerk's office. The landowner testified that he was acquainted with the proposed line of the road through his premises, and he was presumably acquainted with the map on file in the clerk's office.

*Held,* that, as without knowledge of the center line of the proposed extension the description was not "specific," as required by subdivision 2 of section 3360 of the Code of Civil Procedure, a question of fact was presented to be determined from the evidence whether the center line was so well defined and known as to be a visible monument, or a line readily ascertainable, without recourse to the map or the number of any station.

Where an adult owns an undivided three-fourths of the land sought to be condemned by a railroad company and claims to own it all, and there are five infants who claim an interest in the land, in support of whose claim judgment has been rendered, and there are liens thereon, the railroad company may properly institute proceedings for its condemnation upon the ground that it is unable to agree with the owners for the purchase of the land within the meaning of section 90 of the Railroad Law.

APPEAL by the defendant, Benjamin J. Slade, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office.

of the clerk of the county of Saratoga on the 26th day of April, 1898, upon the report of a referee appointed in condemnation proceedings, with notice of an intention to bring up for review upon such appeal an order made at the Montgomery Special Term bearing date the 23d day of April, 1898, and entered in the office of the clerk of the county of Saratoga confirming said report; and also an order made at the Montgomery Special Term, bearing date the 26th day of March, 1898, and entered in the office of the clerk of the county of Saratoga, referring the issues to a referee to hear and determine.

*C. S. Lester*, for the appellant.

*Thomas O' Connor*, for the respondent.

LANDON, J.:

This appeal is from the judgment entered upon the confirmation of the report of a referee upon a trial of the issues in a proceeding for the condemnation of a strip of land, title to which the plaintiff seeks to acquire for the extension of its line of railroad.

The plaintiff is a domestic street surface railroad corporation, owning and operating under its charter a street surface railroad in the county of Saratoga, from the village of Stillwater to the village of Mechanicville; and, proposing to extend the same from the village of Mechanicville to the village of Waterford in the same county, on October 19, 1897, filed in the clerk's office of Saratoga county, pursuant to sections 6 and 90 of the Railroad Law (Laws of 1890, chap. 565), the map, profile and proper certificate of such extension, and served notice of the filing of the map and profile upon the appellant March 2, 1898, and instituted this proceeding by service of a petition upon him March 26, 1898.

Subdivision 3 of section 3360 of the Code requires the plaintiff to state in its petition "the public use for which the property is required, and a concise statement of the facts showing the necessity of its acquisition for such use." The defendant by his answer denied "that any facts exist which render the acquisition of the land attempted to be described in said petition necessary for any public use." The defendant admitted upon the trial that "a street surface railway between Mechanicville and Waterford was a public necessity," but under his answer contested the necessity of taking his land for that purpose.

The referee finds that the line of the railroad as laid out through defendant's lands runs in front of his dwelling house, between it and the highway, will destroy fruit trees in his orchard, shade trees in front of his house and cause great damage to his premises; that his house is situate upon the west side of the highway; that the proposed line crosses such highway from the west to the east side, 100 feet south of the south line of his premises; that it could as conveniently cross the highway north of his premises and thus pass them upon the east side of the highway where the grade is about the same, and the land without orchard or shade trees, and no owners would be cut off from access to their dwellings. The referee also finds that "No reason is given by the plaintiff why the line of their proposed railroad should not be carried on the east side of the highway." If the issue thus tendered by the defendant was one to be determined by the referee, he should have decided it in favor of the defendant.

The plaintiff contended, and the referee apparently so held, that it was not open to the landowner to contest the location of the railroad upon the land designated by it in its map and profile; that under section 6 of the Railroad Law, which section 90 applies to street surface railroads, he had fifteen days after the service upon him of notice of the filing of the map and profile in which, by petition to a justice of the Supreme Court stating his objections to the location and proposing the change he desired, and by following the practice therein prescribed, he might obtain a review of the location, and, if proper, the change he desired. The appellant omitted to take such proceeding.

We think the plaintiff's position is right. Section 6 provides, "No such corporation shall institute any proceedings for the condemnation of real property in any county until after the expiration of fifteen days from the service by it of the notice required by this section."

The plaintiff, in securing its right of way by condemnation, takes two proceedings against the landowner, the first one to settle the location of the line of road upon his land. The first proceeding is instituted by serving him with notice of the proper filing of the map and profile. This notice advises the landowner that he can have his day in court upon the question of location if he wishes it.

He can acquiesce or resist He has fifteen days in which to decide. He is entitled to due process of law, and due process of law consists in affording him a reasonable opportunity to have his grievance redressed, if any he has. This is the scheme of the statute, and is supported by authority. (*Rochester, etc., R. R. Co. v. N. Y., L. E. & W. R. R. Co.,* 110 N. Y. 128; *Matter of N. Y. & Boston R. R. Co.,* 62 Barb. 85.)

The defendant having made default upon the matter of location, the second proceeding against him is the one before us to acquire title to his land by due process of law. Assuming that the plaintiff has preliminarily complied with the conditions of the statute, only one question is to be determined as a condition precedent to the plaintiff's right to acquire the title to the defendant's land upon making him just compensation therefor, and that is that it is necessary for the public use that the plaintiff should take the land in question. That question was settled by the defendant's admission upon the trial that "a street surface railway between Mechanicville and Waterford was a public necessity, and that the land described in the petition is a portion of the land described in the certificate of extension filed in the clerk's office."

There was no claim that more land was taken than was necessary. The plaintiff had by the previous proceedings settled the location; it could not extend its railroad to Waterford upon the settled location except by taking the defendant's land; the plaintiff had acquired no location upon the opposite side of the highway along defendant's land.

The plaintiff's petition did contain, as the Code requires, "a concise statement of the facts showing the necessity of its acquisition for such use," namely, its proceedings for the extension of its road, the location of such extension, that two miles of it had already been constructed, that it needed the defendant's land for the tracks, switches and sidings upon which its cars could be operated, giving details such as are common to railroad operations. This "concise statement," however, is but the prescription of a proper notice to the defendant of the grounds upon which the plaintiff would support its allegation of the public necessity in case the defendant desired to contest that question. He admitted the necessity, and thus the existence of the several facts tending to its support.

We agree with the learned counsel for the defendant that the Legislature has not delegated to railroad companies the power of determining what lands are necessary to be appropriated to their use, and that under the statute it is for the court to determine the question of necessity. (*Matter of New York Central R. R. Co.*, 66 N. Y. 407; *Rensselaer & Saratoga R. R. Co.* v. *Davis*, 43 id. 137; *Matter of N. Y. & H. R. R. Co.* v. *Kip*, 46 id. 546.) But the defendant must apply to the court as to the location when his day in court upon that matter is tendered to him; and having waived that, when he comes into court upon the question whether the lands as located are necessary for the public use, he cannot revive a question already settled.

The defendant objects that the petition of the plaintiff is defective in not containing " a specific description of the property to be condemned, and its location by metes and bounds," as required by subdivision 2 of section 3360 of the Code. The description is in these words:

" All that certain piece or parcel of land situate in the town of Halfmoon, Saratoga County, N. Y., bounded and described as follows:

" Beginning at station two hundred and twenty-five plus ninety-eight (225+98) of the center line of the electric railway as now located, which point is also in the south line of land of Thomas Morrow; thence westerly in the south line of land of said Morrow, twenty-three (23) feet; thence southerly twenty-three (23) feet west of and parallel to the center line of said electric railway to a point in the north line of land of James Pratt, which point is opposite station two hundred and thirty-four plus seventy-nine (234+79) of the center line of said electric railway, said station being in the north line of lands of said Pratt; thence easterly in the north line of lands of said Pratt to the west line of the highway leading from Mechanicville to Waterford; thence northerly in the west line of said highway to the south line of land of said Morrow; thence westerly in the south line of land of said Morrow to the point of beginning, containing sixty-seven one-hundredths (67-100) acres."

The referee finds that " station two hundred and twenty-five plus ninety-eight cannot be ascertained without reference to the map of the lands sought to be condemned on file in the county clerk's office."

It may be conceded that, without knowledge of the center line of the plaintiff's proposed extension, the description is not "specific;" with such knowledge, it is. · The defendant testified that he was acquainted with the proposed line of this road through his premises; that it took off thirty-three feet from his front, as he understood it.

From the facts already stated he was presumably acquainted with the map on file in the clerk's office.   In *Matter of New York Central & H. R. R. R. Co.* (70 N. Y. 191) it was said that the reference in the petition to a certain deed did not cure the defects of the petition itself, because it required the landowner to have recourse to some other paper to find out what should have been stated in it.   Here, if the center line was staked out on the ground, or otherwise ascertainable by inspection, or already known to the petitioner, it was of itself a monument and might be referred to the same as the highway, or the adjoining lands of Mr. Morrow or Mr. Pratt.

The center line existed on the ground, and it was a question of fact to be determined upon the evidence whether it was a line so well defined and known as to be a visible monument or a line readily ascertainable without recourse to the map or the number of any station.

No attempt was made to purchase the land of defendant before instituting this proceeding.   He owns an undivided three-fourths of the land, and claims to own it all.   There are five infants who claim an interest in the land, and the court has rendered judgment in favor of their claims (*Salisbury* v. *Slade*, 22 App. Div. 346), and an appeal from the judgment to the Court of Appeals is now pending.

The petition recites " that the plaintiff has been unable to agree with the owners of said property for its purchase for the reason that some of the persons claiming to be owners thereof are infants, and that there is a dispute as to the ownership thereof among the persons above named."

Section 90 of the Railroad Law provides : " If any such street surface railroad is unable to agree for the purchase of any such real property * *. * or if the owner thereof shall be incapable of selling the same," it may proceed by condemnation.

As the defendant claimed to own the whole, as the infants could not make any agreement, as there were liens upon the property, it

follows that title through the court was the only safe one. The spirit of the statute is to require the plaintiff to keep out of court if it reasonably can, but to permit it to resort to the court when it reasonably ought. Construed in this spirit, the plaintiff could properly say that it was unable to agree with the owners, within the meaning of the statutory phrase.

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.