1. EMINENT DOMAIN—PETITION—ALLEGATIONS—RESIDENCE OF OWNERS—SUFFICIENCY

    Code Civ. Proc. § 3358, provides that the word "owner," as used in that chapter, shall include all persons having any estate, interest, or easement in the property to be condemned or any lien, charge, or incumbrance thereon. Section 3360, subd. 4, requires petitions for condemnation of land to state the names and places of residence of the owners of the

property. *Held*, that where a petition failed to state the residence of a wife having an inchoate right of dower in the lands to be condemned, though the residence of the husband was given, and further did not state that she was such wife, except in the title to the proceedings, the petition was defective.

**2. SAME—FAILURE TO AGREE ON PURCHASE.**

An allegation, in a petition for condemnation of lands, that petitioner attempted to acquire from the owners the property described, but failed, and was unable to agree with the owners for such purchase, because in petitioner's opinion the owners demanded a price far in excess of its value, and that an attempt was made in good faith to agree with such owners as to the amount of such compensation, but failed to do so for the reason given, alleges the failure to agree for the purchase of the property in a sufficiently explicit manner.

**3. SAME—DESCRIPTION OF LANDS.**

Where the petition for condemnation of lands for a railroad described the premises to be taken as follows: Beginning at a given survey station on the center line of petitioner's railroad, and thence describing such center line by courses and distances to another survey station, being a strip 66 feet wide, 33 feet on each side of said center line, and containing 1.02 acres, and referred to the annexed map for a more complete description of the premises, but did not state that the center line surveyed was staked out on the ground, and annexed a map showing a different parcel to the copy of the petition served on the owners,—such petition failed to describe the lands to be taken with reasonable certainty.

Petition by the Marcellus Electric Railroad Company for the appointment of commissioners to appraise real estate sought to be condemned for a railway, to which Noah B. Crisler and wife filed objections. Objections sustained.

M. F. Dillon, for plaintiff.

Newell, Chapman & Newell, for defendant Crisler.

ANDREWS, J. Certain objections are made to the sufficiency of the petition by the attorneys for Noah B. Crisler and Josephine Crisler, who appear specially for that purpose. The proceeding was begun under the general condemnation law, and must in all things strictly comply with section 3360 of the Code of Civil Procedure. It is claimed by defendants that the residence of the owners of the property is not given, as required by subdivision 4 of that section. The allegation contained in the petition is that "Noah B. Crisler is the owner of said premises, and resides at Syracuse, N. Y.; that the defendant Josephine Crisler has an inchoate right of dower in and to said premises"; and that the "Onondaga County Savings Bank of Syracuse, N. Y.," has a mortgage thereon. As defined by section 3358 of the Code of Civil Procedure, an "owner," as the term is subsequently used in the act, is a person who has an estate, interest, or easement in the property to be taken, or any lien, charge, or incumbrance thereon. In my opinion, the word "interest," as used in this definition, is broad enough to cover, and is intended to cover, an inchoate right of dower. Consequently, the residence of a wife having such a right must be given. Nor is it sufficient to give the husband's residence, even where it is alleged in the petition that another defendant is his wife, relying upon the presumption that the wife's residence is identical with his. Still less is this so when the fact that the marriage relation exists between the two parties must be

deduced from the identity of name, and the fact that such a statement is only made in the title of the proceeding.

It is next said that the petition is not sufficiently explicit as to the failure to agree for the purchase of the property. The statement is:

"That your petitioner has attempted to acquire by purchase from said defendants, the owners thereof, the property and rights herein described, but has been unable to acquire said property and rights, or any part thereof, and has been unable to agree with the owners thereof for said purchase, for the reason that, in the opinion of your petitioner; said owners demand a sum or price therefor largely in excess of the value thereof. That your petitioner has in good faith endeavored to agree with the owners of said property as to the amount of such compensation, but has been unable to do so for the reason aforesaid."

This allegation would seem to be sufficiently explicit. In re Long Island R. R. Co. (Sup.) 21 N. Y. Supp. 489; In re Suburban Rapid-Transit Co., 38 Hun, 553. Both of these cases were decided at a date later than In re Suburban Rapid-Transit Co., 16 Abb. N. C. 152, and seem to be inconsistent with the latter decision.

It is next said that the lands proposed to be taken are not described with reasonable certainty. The allegation contained in the petition is that:

"The portion of said premises necessary for the use of the petitioner herein, as hereinbefore stated, is bounded as follows: Being part of said lot No. 15 in said town, county, and state aforesaid, and beginning at survey station 122, plus 25, on the center line of the Marcellus Electric Railroad, the same being a point on the east of Nine Mile creek; thence running along said center line southeasterly on curve to right with radius of 574 feet to survey station 132, plus 83.9, a distance of 405.9 feet; thence southerly along said center line to survey station 136, plus 03, a distance of 319.1 feet,—the same being a point on the north line of lands of Edward Egan, and being a strip of land 66 feet wide, 33 feet each side of said center line, and containing 1.02 acres of land, be the same more or less; and for a more complete and definite description of said premises reference is made to the maps and drawings hereto annexed."

It appears the map annexed to the petition served upon the defendants by some mistake did not cover the land proposed to be taken, but was of a distinct parcel of property. It is probable that, if it was stated in the petition that this center line was actually laid down upon the ground, the description would be sufficient (Railroad Co. v. Slade, 36 App. Div. 587, 55 N. Y. Supp. 966); or, if a correct map had been added, there would have been no trouble. But, under the circumstances disclosed upon this motion, I must hold with the defendants upon this point. The objections must, therefore, be sustained, with costs, and an order made dismissing the proceedings, without prejudice to the renewal thereof upon other papers, unless within 20 days, and the payment of such costs, the plaintiff apply to the special term for leave to amend its petition herein. If such leave is granted, the present proceedings may stand and be continued; if not, they may be finally dismissed.

Ordered accordingly.