In the Matter of the Application of the Prospect Park and Coney Island Railroad Company to Acquire Title to lands, in Kings County, of William Moynahan and others

The fact that a railroad corporation has constructed and commenced operating its road in reliance upon a title subsequently found to be defective, is no objection to proceedings on its part to perfect its title to lands so occupied, under the provision of the general railroad act (§ 21, chap. 140, Laws of 1850) authorizing railroad corporations to perfect defective titles.

Under the provision of the act of 1873 (chap. 531, Laws of 1873), authorizing the G. and C. I. R. R. Co. to construct its road and lay its track upon Gravesend avenue, said company is excused from complying with the prerequisites to proceedings to acquire title to lands prescribed by the general railroad act; i. e., the making and filing of a map or profile of its route; the giving of notice of such proceedings to actual occupants, and notice to the highway commissioners; and also from making an application to and obtaining an order of the Supreme Court as required by the act of 1854.   (Chap. 582, Laws of 1854.)

So far as said act is valid, and so far as its valid provisions are inconsistent with the general railroad acts, it is a special charter for said corporation; and so far exempts the corporation from the force of those laws.   Where it is not in conflict, the corporation is bound by, and may avail itself of the privileges given by, said laws; among others, the privilege of perfecting a defective title.

Although a highway is devoted to one public use, the legislature may, by special enactment, devote it, concurrently, to another public use, so far as declaring a necessity for that other use is concerned.

Where power is given by statute to one railroad corporation to consolidate with any other, whatever other corporation it selects for a union, and finds willing to join it, has power to unite with it, although such other corporation is not named in the statute.

The provision of the general railroad act (§ 13), making it a prerequisite to proceedings *in invitum* to acquire title to lands that the company shall be "unable to agree for the purchase," does not mean an impossibility to purchase at any price, however large, but that the owner must be either unwilling to sell at all, or only willing to sell at a price which, in the judgment of the agents of the corporation, is excessive.

An amendment of the petition of a railroad corporation, in proceedings to acquire title to lands, so as to ask for a less quantity of land, made upon the hearing at Special Term, does not make necessary a further attempt at agreement on a price, at least, where the owners are represented in court, and no suggestion is made in their behalf of a withdrawal of opposition, or for a suspension of proceedings with a view to such an attempt.

The said act of 1873 is not amenable to the constitutional objection (Const., art. 3, § 16) that it embraces more than one subject. The title to the act is expressive of the subject, which is to open certain lands for public use, and the different provisions are but the details of that subject.

So, also, the act of 1874 (chap. 448, Laws of 1874), entitled "An act for the relief of Park Avenue Railroad Company, in the city of Brooklyn, and to authorize the extension of its tracks through certain streets and avenues in said city," expresses the subject sufficiently for the purposes of said constitutional provision. The subject, *i. e.*, the relief of the company, necessarily includes provisions removing restrictions upon its powers, and giving it greater powers.

The constitutional provision (art. 8, § 1) in reference to the formation of corporations does not render a special charter, or a special addition to a charter taken under a general law, unconstitutional.

Where proceedings are instituted by a railroad corporation to condemn various pieces of land belonging to different owners, all being described in one petition, and the case as to all is heard together, although separate orders are entered as to each owner, there is but one proceeding, and all the orders may be reviewed upon one appeal; so, also, where the orders are affirmed at General Term, and separate orders of affirmance entered, costs for but one case are proper.

(Argued November 14, 1876; decided November 21, 1876.)

APPEAL from orders of the General Term of the Supreme Court in the second judicial department affirming orders of Special Term, appointing commissioners of appraisal in proceedings under the general railroad act to acquire title to lands. (Reported below, 8 Hun, 30.)

Application was made against twenty-two owners of different parcels of land. One petition was presented, entitled as

above, and one answer was put in for all the owners on trial of the issues.   It was stipulated that the evidence taken in one case should be considered as taken in all.   Separate orders were entered in case of each owner, and, upon a trial at the General Term, separate orders of affirmance were entered, but one notice of appeal on behalf of all the owners was served.   The respondent moved that the appeal be dismissed and that appellants elect which order is appealed from.

In and by the petition the petitioner described and sought to acquire a strip of land sixty feet wide ; upon the hearing its counsel asked permission to amend the descriptions of the several pieces of land described, so as to make it twenty-five feet wide instead of sixty.   This was granted, and counsel for the owners duly excepted.

Under the provisions of the act (chapter 448, Laws of 1874, § 3) entitled " An act for the relief of the Park Avenue Railroad Company, and to authorize the extension of its tracks in the city of Brooklyn," which provision authorized that company to consolidate with any other company and form a new company, and, under the provision of the railroad act of 1869, authorizing consolidations, said company effected a consolidation with the Greenwood and Coney Island Railroad Company, the name of the new company being " The Prospect Park and Coney Island Railroad Company," the petitioner herein.   Both of the original corporations were organized under the general railroad act.   The route of the Park Avenue Railroad Company, as described in its articles, was upon certain streets in the city of Brooklyn.   The articles of the Greenwood and Coney Island Railroad Company designate its route as along certain streets in the city of Brooklyn to Gravesend avenue, and then along said avenue, as laid down on the map of the town survey commissioners.   Under the provision of the act (chapter 531, Laws of 1873) entitled " An act to open, lay out and improve Gravesend avenue, in the county of Kings, and to authorize the construction of a railroad thereon," which provision (§ 13) authorized the said The Greenwood and Coney Island Railroad Company to construct

and operate its road on said avenue, said company laid its tracks thereon, and the road was operated by its successor, the petitioner herein. An action was brought by an adjoining owner to restrain it from using and operating its road, wherein it was held that the fee of the land was not taken, but only an easement, for the purposes of a highway; that the owners held the fee subject only to such use; and that no valid authority was given by the statute of 1873 to petitioner to construct or operate its road thereon. An injunction was accordingly granted.*

This application was therefore made to condemn the lands in said Gravesend avenue, so occupied by the track of the petitioner.

The petition stated that the petitioner was unable to acquire title to the lands, for the reason that it was unable to agree with the several owners. Its president testified upon the hearing that he called upon the owners of each of the pieces of land described in the petition and asked them to give the right of way, or to name a price they would take; that they declined to name a price, save one, who wanted $2,500. He thereupon offered each of them five dollars, which they refused.

Further facts appear in the opinion.

*Benj. G. Hitchings* for the appellants. The petitioner having taken possession of the land, constructed and completed its roadway and operated it without right, and without taking or attempting to take any legal proceedings to ascertain and pay compensation, cannot now avoid the legal consequences of its own wrong by proceedings to take the land. (*Broodgood* v. *Mohawk R. R. Co.*, 18 Wend., 9; *Blodget* v. *U., etc., R. R. Co.*, 64 Barb., 581; *In re Townsend*, 39 N. Y., 171; 2 R. S. [6th ed.], 526, § 20; *In re B. and A. R. R. Co.*, 53 N. Y., 575; Laws of 1864, chap. 582, § 28; Const., art. 3, § 18.) The consolidation of the two previous companies was

---

* See *Washington Cemetery* v. *Prospect Park and Coney Island R. R. Co.* (7 Hun, 655 affirmed by Court of Appeals, March, 1877).

not legal or valid. (Laws of 1869, chap. 917, §§ 3, 7; 2 R. S. [6th ed.], 557, §§ 123, 127.) The map and profile filed were insufficient. (*N. Y. and B. R. R. Co.*, 62 Barb., 85; Laws of 1869, chap. 237, § 22.) There was no notice to the commissioners of highways or application to the Supreme Court, or order thereof, as is required when the route of a railroad crosses a highway. (Laws of 1864, chap. 582, § 28.) No *bona fide* attempt had been made to acquire title by purchase before the proceedings were instituted. (2 R. S. [6th ed.], 523; *Dyckman* v. *Mayor, etc.*, 5 N. Y., 434, 439; 5 Wait's Pr., 343.) The allowance of twenty-two separate orders in one proceeding was erroneous. (*T. and R. R.R. Co.* v. *Cleveland*, 6 How. Pr., 238; 5 Wait's Pr., 353.)

*John H. Bergen* for the respondent. The burden of proof was on the landowners to disprove the allegations of the petition. (Laws of 1850, chap. 140, § 15; amended by Laws of 1854, chap. 282, § 2.) The act of 1873 (chapter 531) is local, but not private. (*People ex rel.* v. *Dudley*, 58 N. Y., 332, 333; *People* v. *Quigg*, 59 id., 88; *Harris* v. *People*, id., 601; *People ex rel.* v. *Supervisors of Chautauqua*, 43 id., 10.) If the appellant desires to review each order, he must take separate appeals. (*In re Commissioners of Central Park*, 50 N. Y., 493.)

FOLGER, J. It may be conceded, for the purposes of this case, that the corporation has, as yet, acquired no right in the lands of the appellants. This proceeding, taken by it, practically so concedes, for this occasion. The question then presented is, have the appellants shown such objections to the proceeding as will defeat it?

That the petitioner has already constructed and is operating its road, is no legal reason why it cannot take proceedings to acquire a right to use the lands upon which its track is laid. It is plain that it was deemed certain by it, that by the act of 1873 (Laws of 1873, chap. 531, p. 832), it had power to use the lands for its purposes. Such must have been the legisla-

tive conviction as well as that of the corporation. Relying upon the legislative authorization and supposing it had good title by the empowering statute, it fully built its road and used it. So far as this legislative act is valid, and so far as in its valid provisions it is inconsistent with the general railroad laws, it is as a special charter for this corporation, and, by so much, exempts this corporation from the force of those laws. Wherein this act does not conflict with those laws the corporation is bound by them, and may avail itself of the privileges given by them. Hence it may avail itself of the right given by them, to take proceedings to acquire title, where what was thought to be a good title has proved defective.

It is manifest that this permission of those laws would be of small benefit, if it was confined only to those companies which had not yet built their track nor located their route. Indeed, it must be principally beneficial to those which have, in reliance upon a title, afterwards seen to be unsound, gone on to occupy and use the lands; and such must have been the chief purpose of this provision.

In most instances, doubtless, such companies will, on or before the first taking of lands, have complied with the prerequisite of those laws, that they shall make and file beforehand a map and profile of their routes, and give notice thereof to actual occupants. But in this case, by the provisions of the act of 1873, inconsistent with this requirement of the general railroad laws, this company is excused from showing that it has done this. The very power given by that act to this company to lay its track upon Gravesend avenue, is in place of a map and profile, and in place of notice, inasmuch as that avenue is as well defined a route as any survey or map can present. By the act itself all the purposes are reached which are sought by the requirement of the general laws. The termini of the route, so far as this avenue is concerned, are, by the act, established; the course and distance of it, and the grade at which it shall be built. The act being thus special as to the route, saves the purpose and the need of notice to actual occupants; even if it be allowed that adjoining owners

upon the sides of the avenue are actual occupants; as to which no opinion is intimated. The act being authority from the people, through one set of their representatives, saves the need of notice to the highway commissioners, another inferior set of their representatives, and the need of application to the Supreme Court, another representative (Laws of 1864, chap. 582, p. 1335, § 1), and meets the principle declared in *In re Boston and Albany Railroad Company* (53 N. Y., 574). Although the avenue was devoted to one public use, the sovereign power may, by special enactment, devote it concurrently to another, so far as declaring a necessity for that other public use is concerned.

The act of 1874 (Laws of 1874, chap. 448, pp. 591, 592, § 3) gave power to one of the corporations, which now together form the corporation which is the petitioner in this case, to consolidate with any other like corporation. The point of the appellants, that no power to consolidate is given to the other of those corporations, is without effect. Power is given by statute to one corporation to form a consolidation with *any other*. It cannot form a consolidation unless it finds another with which to unite and which is capable of union with it; hence, whatever other company it selects for a union, and finds willing to join it, that other company, though not named in the statute, gets power from the statute to unite with that company which the statute names.

The negotiation which took place between the president and engineer of the petitioner and the respective owners, was enough to show that it was unable to acquire the title by agreement with them. That provision of the general railroad law does not mean that it must be impossible to buy the right of way at any price, however large; it means that the owner must be either unwilling to sell at all, or willing to sell only at a price so large, as in the good judgment of the agents of the corporation is excessive. That appears here. Though the price offered to the owners was nominal, they refused to name any price, or that asked by them was so much beyond the view of value held by the president, that there seemed no

likelihood of agreement, and it was fitting that commissioners should be appointed to arrive at a sum to be given in each case.

The amendment of the petition at the commencement of the hearing at Special Term, so as to ask for less width of land, did not make necessary a further attempt at agreement on a price. The parties were all represented in court; though no testimony had been taken, no suggestion was made by the owners, of a withdrawal of opposition, or for a suspension of proceedings with a view to such an attempt. The appellants still opposed; not alone on the ground of no such attempt, but on the radical grounds now urged; nor does it appear that the position now taken was the ground of, or entered into, the objection to the amendment.

We do not think that the acts relied upon by the company are unconstitutional on the grounds now urged. The title of the act of 1874 does express the subject of the act sufficiently for all the purposes of the Constitution. The act does not treat of more than one subject; all that is in it might have well been in an act incorporating this company. It would have been the details of the one general subject. An act for the relief of a railroad company, must be one to remove some restriction upon its powers, or to give it greater powers. An act entitled, for the relief of such a corporation expresses such subject. So, the title to the act of 1873 is expressive of the subject of the act. There is one general subject — to open certain lands for public use; the different sections are but of the details of that general subject, and not of more than one general subject; and the thirteenth section, referring to the articles of association, brings into the act the particulars of the route in those articles contained. The general provision of article 8, section 1 of the Constitution has never been held to render unconstitutional a special charter, or special additions to a charter taken under general laws; and it is not new that railroad corporations have been authorized by special statutes to consolidate.

The orders appealed from should be affirmed; but in adjust-

ing the costs there must be an allowance for one case only; for though many orders have been entered there is but one proceeding.

For the same reason, we think that the motion to dismiss the appeal, or to compel an election, should be denied; there is but one proceeding; the orders are all made in it; they are cognate.

All concur.

Orders affirmed and motion denied.