# Cases

# FIFTH DEPARTMENT,

AT

## GENERAL TERM,

### June, 1884.

---

IN . THE MATTER OF THE APPLICATION OF THE NEW YORK
CENTRAL AND HUDSON RIVER RAILROAD COM-
PANY TO APPRAISE LANDS OF CAROLINE PIERCE AND
OTHERS.

*Railroad company — proceedings to acquire the title to additional land, under section
21 of chapter, 140 of 1850, as amended by chapter 237 of 1869 — contents of the
petition — how the determination of the company to acquire land may be shown.*

Where proceedings to acquire title to land are instituted by a railroad company
under section 21 of chapter 140 of 1850, as amended by chapter 237 of 1869,
the petition is sufficient if it alleges that the company owns, operates or leases
any railroad operated by steam. It need not set forth all the facts which must
be alleged in proceedings to acquire land for an original route.

*Quære*, as to whether in such a case the landowner can put in issue by his
answer the fact of the due organization of the company, or the location of its
route, and give evidence in regard thereto. (Per SMITH, P. J.)

The determination of the company to take the land need not be shown by a
formal resolution of its board of directors. Such determination is sufficiently
evinced by instituting the proceedings upon a petition duly verified by its
assistant president, which particularly describes the land to be taken and the ,
uses for which it is required.

APPEAL by the landowners from an order of the Erie Special
Term, confirming the report of the referee herein and appointing
commissioners to appraise the property.

*John G. Milburn*, for owners, appellants.

*George C. Greene*, for the railroad company, respondent.

SMITH, P. J. :

This is a proceeding under chapter 237 of the Laws of 1869, which amends section 21 of the general railroad act of 1850. The proceeding is instituted by the New York Central and Hudson River Railroad Company, upon its petition verified by one of its officers, for the purpose of acquiring title to certain lands described in the petition, owned by the appellants, or in which they have an interest, which the petition alleges adjoin the land of the petitioner, and are required by it for certain purposes of its incorporation specified in the petition. The appellants contend that the order of the Special Term is unauthorized because the petitioner gave no proof that it was a legally organized and existing company, all of whose capital stock had been subscribed, having a railroad built upon a legally authorized route. The contention rests mainly upon the language of the amendment, which provides that a railroad company requiring additional real estate may proceed to acquire the same, etc., " in the manner and by the proceedings" thereinbefore in said act prescribed. That language, it is contended, makes it incumbent on a company owning or operating a railroad and seeking to acquire additional real estate under the provisions of the act of 1869, to allege in its petition and prove all the essential facts required in a proceeding under the act of 1850, to acquire land for an original route. We think otherwise. The proceeding provided for by the act of 1869, may be instituted by any company owning, operating or leasing any railroad operated by steam, and it is enough, in the first instance, that the petitioner, by its allegations and proofs, brings itself within that description. It may be that if the land-owner should put in issue by its answer the fact of the due organization of the company or the location of its route, and give evidence tending to disprove the same, the company would be required to establish such fact by affirmative evidence, but unless such issue is made, its right to institute the proceeding, so far as its own *status* is concerned, is established, *prima facie*, by showing that it is a company actually owning or operating a steam railroad.

It will be presumed that it is duly organized and its route legally

located, nothing appearing to the contrary. It was held *In the Matter of the Application of New York Central and Hudson River Railroad Company to acquire land of Sweeney* (4 Hun, 381) that where a railroad company, after having located and completed its road, institutes proceedings, under chapter 237, Laws of 1869, to acquire title to other lands necessary for the convenient transaction of its business, the petition need not state all the facts which are required in the original petition; nor is it necessary to make and file the maps which are required when the company first applies to acquire lands for its road.

The appellants contend that the necessity for the acquisition of the land sought is not adequately shown in this case, since there is no proof of an authoritative determination on the part of the petitioner to appropriate the property. In other words, it must appear not only that the land sought is in fact necessary for the purposes of the company, but that the governing body of the company has formally decided that it is necessary. We think the determination of the company to that effect is sufficiently shown by its action in instituting this proceeding, by its petition duly verified by its assistant president, particularly describing the land, and alleging the purposes for which it needs to acquire it.

It is also contended that the proofs fail to show a duly authorized negotiation for the purchase of the property. The negotiation was conducted on the part of the company by Grimes, who was its negotiating and purchasing agent, and had acted in that capacity several years. According to his testimony the owners declined to sell at any price, and the lessees asked a price for their interest which he considered exorbitant, much more than the whole property was worth. Grimes received instructions to negotiate for the purchase of the property in question from Mr. Tillinghast, the assistant to the president of the company, and the latter testified that he was instructed by the president and the executive committee. The point is made by the appellant that the negotiations by Grimes preceded the instructions. Reading all the evidence on the subject, it hardly justifies that conclusion or the conclusion that Grimes in negotiating for the purchase of the property acted without authority. Mr. Tillinghast testified that he was of the impression he gave the instructions to Grimes the year before the negotiations were had,

and that in that same year he received instructions from the president. The president had power to negotiate for the company. (*Matter of P. P. and C. I. R. R. Co.*, 67 N. Y., 377.) That the function was one which he could depute to an agent is not questioned by the appellant's counsel.

We think the order should be affirmed, with ten dollars costs and disbursements.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

So ordered.