defrauded by him, she may have such relief as the law allows. An allowance is therefore made to the plaintiff of $300 for counsel fees and expenses to enable her to carry on and maintain the action. The court cannot decide this case upon affidavits. It cannot say she will not succeed. She makes a prima facie case sufficient to authorize this application to the court in her behalf. No costs of motion are allowed.

Ordered accordingly.

(44 Misc. Rep. 275.)

SCHENECTADY RY. CO. v. LYON et al.

(Supreme Court, Special Term, Montgomery County. July, 1904.)

1. CONDEMNATION PROCEEDINGS—PROPERTY HELD IN SEVERALTY—COSTS.

In condemnation proceedings of real property held in severalty, taken under the provisions of Code Civ. Proc. §§ 3357–3384, where some of the owners are in default, some consent to the condemnation, others object to the jurisdiction, and others answer by different attorneys, there are as many distinct proceedings as there are owners of distinct parcels; so that judgment should be entered against each parcel of land separately, entitling owners to costs as a matter of law.

Action by the Schenectady Railway Company against J. Alexander Lyon and others to condemn certain land. Judgment of condemnation. Motion by defendants for retaxation of costs. Granted.

The property is in no way devoted to public uses, and the rights and interests of the respective owners are not in any way held in common. Some of the defendants made default, others consented that judgment for condemnation be taken, others objected to the jurisdiction of the court, and others made answer. The moving parties now before the court, although answering separately, except Grace Hawley and Mary J. Swartfiguer, who answered jointly, were represented by the same attorney. The issues formed by the pleadings were brought to trial before the court, and the decision of the court, in writing, was filed, under which judgment was entered in favor of the plaintiff against some of the defendants, and the petition dismissed as against others, with costs, pursuant to section 3369 of the Code of Civil Procedure. The moving defendants each taxed a separate bill of costs. Upon retaxation, the clerk disallowed the same, on the ground that only one bill of costs should have been allowed to them jointly. The defendants Lyon, Whitmyre, Jackson, and De Graff each move separately, and the defendants Hawley and Swartfiguer move jointly, to have such retaxation set aside, and the clerk directed to tax costs to each of them answering separately. Granted.

Louis M. King, for the motions.
James A. Van Voast, opposed.

SPENCER, J. It is a familiar rule in actions in this court that, where several defendants appear and answer by the same attorney, and judgment is rendered in their favor, but one bill of costs is allowed. This goes upon the presumption that the claim or claims made by the plaintiff have application to all the defendants, and that the latter have a joint interest in defeating the same. But where it is made to appear that such is not the case, and that the defenses of the several defendants were not substantially the same, and that each of such defenses required a separate answer and different proof, it is the rule to allow separate bills of costs to each of such defendants. The plaintiff here does not

seek relief against the defendants jointly, but seeks a separate condemnation against each defendant severally, and under the provisions of the Code of Civil Procedure (section 447), regulating actions in this court, would not be permitted to join them as defendants. The defenses of the several defendants are as separate and distinct as are the demands for relief asked against them, and one defendant could not answer in behalf of another. It is only by virtue of the provisions of the Code of Civil Procedure relating to condemnation (sections 3357–3384), that a party seeking to acquire lands for public purposes may join parties whose interests are separate and diverse; and while the same may, for some purposes, be regarded as a single proceeding, it constitutes, in effect, as many separate and distinct proceedings as there are owners to separate and distinct parcels.

I have been referred to the case of In re Prospect Park & Coney Island R. R. Co., 67 N. Y. 371, as decisive of the question under consideration, but that case was not decided under the provisions of the Code of Civil Procedure which now obtain, and the question here involved does not seem to have received the particular attention of the court, and I cannot regard it as controlling.

Neither was this question discussed in the case of City of Syracuse v. Benedict, 86 Hun, 343, 33 N. Y. Supp. 944; but from the manner in which section 3372 of the Code of Civil Procedure is there cited, it gives the impression that if the defendants in that case had not been copartners, having a joint interest, separate bills of cost would have been allowed to each. That costs should be allowed to a successful defendant can be no longer questioned since the decision of the case of Matter of Brooklyn Union El. R. R. Co., 176 N. Y. 213, 68 N. E. 249.

I am also of the opinion that a fair construction of the provisions of the Code of Civil Procedure in relation to defendants in condemnatory proceedings carries the implication that a separate judgment may be had against or in behalf of each defendant, as the court upon the trial may deem necessary or proper, and that the controversy between the plaintiff and the owner of each parcel sought to be taken is regarded as a separate and distinct issue. The case at bar is a fair illustration of the necessity and reasonableness of this rule, as judgment was taken by the plaintiff against some of the defendants by default, against others upon the overruling of their objections to the jurisdiction of the court, against others upon a trial of the merits, and dismissed as to others upon a similar trial. The issues between the plaintiff and the respective defendants were different, and proof in support of one could not be regarded as proof in support of any other.

The further claim is made by the defendants that the judgment dismissed the petition as to the respective defendants with costs, and that, under such direction, the clerk had no authority to tax costs in behalf of each defendant; and the plaintiff, in support of its contention, cites Matter of New York, West Shore & B. R. Co., 28 Hun, 505, and Fischer v. Langbein, 31 Hun, 272. But these were decisions made construing orders of appellate courts, and where the granting or withholding of costs was within the power of the court making the order. In the case at bar the trial court had no discretion as to granting or withholding costs, and the absence or presence of any direction in the

decision of the court in respect to costs is ineffectual to deprive the parties of their rights. The decision, however, follows the language of section 3369 of the Code of Civil Procedure, which provides as follows:

. "Judgment shall be entered pursuant to the direction of the court or referee in the decision filed. If in favor of the defendant, the petition shall be dismissed, with costs to be taxed by the clerk, at the same rates as are allowed, of course, to a defendant prevailing in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial."

The court, by its decision, could not and did not control the question of costs, for the right to costs is regulated by the statute, and must be determined thereby upon a taxation by the clerk.

On the hearing of these motions, the moving parties read affidavits in support of their contention, and the plaintiff also read opposing affidavits. This was done without objection by the plaintiff, who, after the motions had been submitted to the court, filed a supplemental brief, wherein it contends that the use of such affidavits was improper; and cites the case of Lyman v. Young Men's Cosmopolitan Club, 38 App. Div. 220, 56 N. Y. Supp. 712. This case is an authority for the position now taken by the plaintiff, but both parties having used these affidavits upon the hearing without objection, I am of the opinion that the right to object to their use has been waived.

It follows that the motions by the respective defendants must be granted, with costs, and an order entered setting aside the retaxation by the clerk, and directing him to retax costs to each of the moving defendants who have separately answered.

Ordered accordingly.