Rowbotham v. Jones, 47 N. J. Eq. 337, 20 Atl. 731, 19 L. R. A. 663. I therefore conclude that in this action the various plaintiffs cannot recover their separate damages, but their relief is confined to the abatement of the alleged nuisance in which all have a common interest.

Assuming, therefore, that there can be no recovery of the individual damages alleged to have been sustained by the different plaintiffs, is the complaint for that reason demurrable? I think not. The allegations of the complaint that each parcel of land owned by the various plaintiffs was damaged in various amounts does not in my judgment necessarily amount to an allegation of a separate and distinct cause of action. These allegations may perhaps be deemed proper as showing that all the plaintiffs have a common interest in the abatement of the nuisance complained of and a right to a decree to that effect. At the most, these additional allegations are irrelevant or redundant, and the remedy of the demurring defendant would be to strike them out under sections 545 and 546 of the Code of Civil Procedure.

Nor does the fact that the plaintiffs demand separate money judgment change the case. The prayer for relief, however broad, does not make a complaint demurrable. The court, notwithstanding the extent of the prayer, may render such relief, and no more, as the facts proven warrant.

The demurrer is therefore overruled, with permission to the demurring defendant to answer within 20 days after service of a copy of the judgment to be entered hereon, upon the payment of costs of this demurrer.

---

(53 Misc. Rep. 340)

### In re LAKE SHORE & M. S. R. CO.

(Supreme Court, Special Term, Erie County. February, 1907.)

1. EMINENT DOMAIN—ASSESSMENT OF DAMAGES—SINGLE PROCEEDING.
    The entire damage to be paid the owners of land sought to be condemned should be ascertained in a single proceeding.

2. SAME—PROCEEDINGS—AMENDMENT.
    Under Code Civ. Proc. § 721 et seq., authorizing amendments generally in the furtherance of justice which are made applicable to condemnation proceedings by section 3368, where it was ascertained pending condemnation proceedings that defendants owned the fee in a highway, a portion of which was included in the property sought to be condemned, petitioner was entitled to amend its petition and proceedings so as to include the assessment of damages for defendants' interest in the highway.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 523.]

Application of the Lake Shore & Michigan Southern Railroad Company for the appointment of commissioners to ascertain the compensation to be paid for certain land sought to be condemned and claimed to be owned by Ida Dickinson and others. On motion of petitioner to amend its petition and other proceedings as to the description of the parcel of land sought to be taken. Granted.

Thomas D. Powell, for motion.
E. C. Randall, opposed.

WHEELER, J.   The land proposed to be taken consists of a strip of land some 1825 feet in length by 20 feet wide at one end, and some 43 feet at the other, adjoining the petitioner's right of way.   A highway runs across the strip, and it now appears that the parties defendant to this proceeding own the fee of the highway, although the petition in describing the parcel to be taken excepted so much of the premises described "as is included within the lines of the highway."   The affiants disclose that the highway was excepted because the petitioner's attorney was misled by the official search into the belief the defendants had no title to the highway, but that the mistake has since been discovered, and an amendment is now asked so as to include in the description of the property to be condemned the highway itself.

It goes without argument that the entire damage to be paid the owners should be ascertained in one proceeding and the petitioner not driven to institute a separate and distinct proceeding for the mere fee in the highway, and this application should not be denied if the court has the power to grant it.   The power of the court to allow this amendment, however, is challenged by the counsel for the owner. Section 3368 of the Code of Civil Procedure makes section 721 applicable to condemnation proceedings, and this section is very broad in its provisions, and authorizes amendments where the adverse party has not been prejudiced.   We cannot see how the owners can be prejudiced by the amendment.   In the case of the Prospect Park & Coney Island R. R. Co., 67 N. Y. 378, an amendment was allowed by which a strip of land of less width than originally described was substituted, and the court said that under the circumstances of that case a further attempt at an agreement on price did not appear necessary.   The affidavits presented in this case show that the negotiations with the owners related to all their interest in the strip, that in the highway as well as that on either side.   So the owners cannot be said to be prejudiced.

If an amendment for a less quantity of land be permissible, I cannot see why an amendment embracing the fee of the land in the highway cannot also be brought in by amendment.   The owner cannot possibly be prejudiced by such an amendment where the commissioners have not yet made their award, and, if necessary, the testimony before them may be begun de novo.   This amendment, however, must be upon terms.   It appears that an injunction action is pending, brought by the owners against the petitioner, to restrain it from entering on the land within the highway.   It also appears that in this proceeding the petitioner obtained an order permitting it to go into immediate possession on depositing $5,000, which has been done.   As the effect of this amendment and an award under it will operate to practically terminate the action for an injunction, as a condition of permitting the amendment the petitioner must pay all taxable costs to date in the injunction action.   It must also pay all witness' fees paid and taxable on the part of the owners in their proceeding to date, and also $50 to the owners' counsel or attorney for opposing this motion and as compensation for his appearance before the commissioners in this proceeding to date.

Let an order be entered accordingly.