---

DEXTER & N. R. CO. v. FOSTER et al.

(Supreme Court, Appellate Division, Fourth Department. January 11, 1911.)

1. EMINENT DOMAIN (§ 265*)—COSTS—GROUNDS.

It is the policy of the law to indemnify the owner who has shown either that the plaintiff is not entitled to maintain condemnation proceedings or that it has made too small an offer for all costs and expenses that it had in the proceedings.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

2. EMINENT DOMAIN (§ 177*)—PARTIES—DEFENDANTS—STATUTES.

Under Code Civ. Proc. § 3360, subds. 3, 4, and under section 3369, relating to condemnation proceedings, the plaintiff in such proceedings can unite as many parties as it sees fit in the same proceeding, although there is no unity of interest, and the litigation is separate litigation as to each defendant.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 478; Dec. Dig. § 177.*]

3. EMINENT DOMAIN (§ 265*)—COSTS.

The right of the owner to costs in eminent domain proceedings is not dependent on whether he is alone represented by an attorney, or employs an attorney who is acting for one or more of his codefendants.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. EMINENT DOMAIN (§ 265*)—COSTS.
   Where all the parties defendant in an eminent domain proceeding join in an issue, involving the right of the plaintiff to maintain the proceeding at all, so that there is a unity of interest in their defense, and are represented by one attorney, only one bill of costs should be allowed.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

5. EMINENT DOMAIN (§ 265*)—PROCEEDING TO TAKE PROPERTY—STATUTES—COSTS.
   Code Civ. Proc. § 3372, provides that, if the compensation in a condemnation proceeding exceeds the amount offered with interest, the owner is entitled, in condemnation proceedings, to his costs, and, where separate owners are joined as defendants, the award as to value of each parcel involved is independent of the value of the other defendants' parcels, and each defendant should be allowed his costs as if there had been separate proceedings.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*]

   Williams, J., dissenting.

Appeal from Special Term, Jefferson County.

Condemnation proceedings by the Dexter & Northern Railroad Company against Luther I. Foster and others. From an order of the Special Term awarding the costs to the separate defendants, the plaintiff appeals. Order affirmed, with costs and disbursements.

See, also, 64 Misc. Rep. 500, 119 N. Y. Supp. 731.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Elon R. Brown, for appellant.
G. S. McCartin, for respondent village of Dexter.
Delos M. Cosgrove, for respondent Lawton.
Charles A. Phelps, for thirteen other respondents.

SPRING, J. In September, 1909, the Dexter & Northern Railroad Company, which is located entirely within the village of Dexter, commenced a proceeding, in pursuance of the condemnation law, to acquire lands in the village of Dexter for the operation of its railroad. All the owners resided in that village and all were made parties to the proceeding, and each parcel of land to be acquired was described and its value stated. The village of Dexter and Mrs. Lawton, owners, appeared by separate attorneys, and 13 other owners, defendants, appeared by Smith & Phelps. No answer was served, and the only question in controversy was the sum to be awarded each owner. The Special Term appointed four sets of commissioners to appraise the damages and each set of commissioners made a report, although only two are pertinent as the appeal is now presented on behalf of the appellant. The reports of the commissioners were subsequently confirmed, and costs were awarded separately in favor of each of the owners appearing, as the compensation awarded in each instance to those interested in this appeal considerably exceeded the amount offered by the plaintiff; that is, Mrs. Lawton, the village of Dexter, and each of the defendants appearing by Smith & Phelps were award-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed costs. A motion was made for an extra allowance, which was granted as to each of these defendants. In the notice of appeal to this court, the plaintiff appeals from the order "awarding costs to the various defendants herein and particularly from that part of said order awarding three (3) per cent. extra allowance to the several parties defendant, and from that part of said order awarding separate bills of costs to (naming the thirteen defendants) as a matter of right."

The appellant's counsel in his points makes no opposition to the award of costs to the village of Dexter or to Mrs. Lawton, although each of these defendants appeared by counsel who orally argued and also filed briefs; and, while the plaintiff particularly appealed from that part of the order granting an extra allowance, nothing is said on that subject in the brief of the appellant. Upon the application for an extra allowance, an opinion was written by Judge Devendorf. It seems that the defendants had also asked to be allowed for sums expended for experts who testified upon the hearing before the commissioners. The sums sought to be allowed were quite large, and Judge Devendorf disallowed them, and assigned such disallowance as a reason in part for granting the extra allowance of three per cent. I think, in the circumstances, the court below properly exercised its discretion (Code Civ. Proc. § 3372) in awarding the additional allowance. In any event, the distinguished counsel representing the plaintiff finds no fault upon this appeal with the allowances made.

In condemnation proceedings, a railroad company is permitted to acquire the land of an owner against his protest and will. The proceeding does not have the characteristics of an ordinary action. Inasmuch as this is the rule, it has been the policy of the law to indemnify the owner who has succeeded in establishing either that the plaintiff is not entitled to maintain the proceeding, or has made too small an offer for all the costs and expenses he has incurred in the controversy. Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413. In that case the court uses this language at page 109:

"We fully agree with the opinion of the judge at Special Term that an extra allowance should be made to the appellant for defending the proceedings to acquire its property, provided the court had power to make such allowance. A person or corporation, whose property is sought to be taken under condemnation proceedings, is entitled to be heard at every step in the process, and in justice should be compensated not only for the land or property taken, but should be indemnified against all costs and expenses reasonably incurred either in resisting the appropriation or in the proceedings for ascertaining the compensation to be made."

In an ordinary action at law, before parties can be made defendants, there must be some identity of interest to justify their being joined. But the plaintiff in a condemnation proceeding is permitted to unite as many parties as it sees fit in the same proceeding, although there is no unity of interest. Code Civ. Proc. § 3360, subds. 3, 4; section 3369. I suppose this is to enable the plaintiff to carry on the proceedings all at once and without unnecessary delay. The exercise of this privilege does not, however, change the character of the litigation. That is, proof is given as to each parcel of land precisely the same as

if there were a separate proceeding against each owner. He must subpœna his own witnesses, and give his proof to demonstrate that he ought to recover greater compensation than the plaintiff has offered to pay him. That being so, I can see no reason why he should not be paid if he wins out, precisely the same as if the proceeding were commenced against him alone.

The right to costs in a proceeding of this kind is regulated by section 3372 of the Code of Civil Procedure, which provides that, if the compensation awarded exceeds the amount offered, with interest, the owner is entitled to costs to be taxed as in an action. The right to costs to the owner is not made in any way dependent upon his unwilling joinder with the other owners in the proceeding. Each offer and each award are separately considered and made precisely the same as if there was a distinct proceeding against each owner. The trial and award as to the value of each parcel are independent of the consideration of the value óf other tracts of land described in the petition. Notwithstanding the joinder of all the defendants in the one proceeding, the rule still prevails that, if any owner fails to obtain an award exceeding the offer made, he is not entitled to costs. The plaintiff can prevent costs as against any owner by an offer to him. If of the 13 owners who appeared by the same attorneys, 6 of them were awarded less than the offer made, they would not be entitled to recover costs. The offer made is the controlling thing in the regulation of costs in this proceeding.

Nor should the owner's right to this compensation be made dependent upon whether he employs an attorney that is engaged by one or more of his codefendants, or is alone represented by an attorney. Each owner should not be compelled, in order to indemnify him for the expense he may incur in securing the sum to which he is entitled for land to be taken from him, to ascertain whether the attorney he employs also represents some other owner along the route of the proposed railroad. He is not interested with these other owners. He simply wishes to be paid what his land is worth. He has witnesses for that purpose and deems a lawyer essential to protect his rights, and is entitled to the one of his choice. The plaintiff is not selecting that lawyer. It has tendered the issue by making him an offer and alleging the value of the land in the petition, and the defendant is not satisfied with the estimate put upon his property by the party who is appropriating it; hence the controversy arises.

In a village like Dexter there probably is not a large number of attorneys and naturally several defendants may employ the same lawyer or law firm. If all these parties who are defendants were joining issue by answer involving the right of the plaintiff to maintain the proceeding at all, so that there is a unity of interest in their defense, and appeared by one attorney, then certainly only one bill of costs should be allowed. When the question in controversy is over the amount to be awarded to each owner so that there is no identity of interest, each defendant should be allowed his costs the same as if there had been separate proceedings. That rule was adopted in Schenectady Railroad Company v. Lyon, 44 Misc. Rep. 275, 89 N. Y. Supp. 908, affirmed

without opinion 99 App. Div. 619, 90 N. Y. Supp. 1113. See, also, Matter of City of N. Y., 62 Misc. Rep. 61, 114 N. Y. Supp. 681, and affirmed on opinion below 129 App. Div. 929, 114 N. Y. Supp. 681.

The counsel for the appellant relies upon Matter of Park & C. I. R. R. Co., 67 N. Y. 371. In that case 22 different owners were joined in one proceeding and answered, putting in issue the right of the petitioner to maintain the proceeding, and it was stipulated that the evidence taken in one case should be considered as taken in all, and only one answer was put in for all the owners. The plaintiff railroad succeeded. Separate orders were entered, which were affirmed in the General Term and also in the Court of Appeals. In the opinion in the Court of Appeals the judge writing the opinion stated that the orders appealed from should be affirmed, "but in adjusting the costs there must be an allowance for one case only; for, though many orders have been entered, there is but one proceeding." That refers to the costs awarded on appeal to the Court of Appeals. Just one issue was presented, but while separate orders had been entered they were alike, and, in fact, one order would have been all sufficient and the costs awarded were in favor of the railroad company against the owners. It seems to me the case does not apply.

I think the order should be affirmed, with $10 costs and disbursement to the defendant Lawton and also to the village of Dexter, and also a like sum of $10 costs and disbursements to the defendants appearing by Smith & Phelps. So ordered. All concur, except WILLIAMS, J., who dissents.