(79 Misc. Rep. 290.)

### In re PERRY STREET IN CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County. January, 1913.)

EMINENT DOMAIN (§ 265*)—"COSTS"—ALLOWANCE TO PROPERTY OWNER.

An owner of property, who defends in a proceeding to condemn land, is not entitled to an allowance for costs under the charter of the city of Buffalo, providing that, upon confirmation of the report of the commissioners, the common council shall ascertain the amount necessary to pay the compensation awarded and the "cost" of the proceedings; the "cost" referred to being the expenses of the city in the proceeding.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 690–693; Dec. Dig. § 265.*

For other definitions, see Words and Phrases, vol. 2, pp. 1631, 1632.]

Proceedings by the City of Buffalo to condemn land for the widening of Perry Street. Application for allowances for costs by property owners denied.

Henry W. Killeen, George P. Keating, Henry W. Hill, and Harry D. Williams, all of Buffalo, representing several owners.

Jeremiah W. Hurley, Asst. City Atty., of Buffalo, opposed.

POOLEY, J. The application for allowances must be denied. In proceedings brought under the Condemnation Law, provision is made, where, in a proper case, costs and additional allowances may be awarded. There seems to be no reason why an owner whose property is taken from him against his will by the sovereign power of the state should not be entitled to costs, and in proper cases to extra allowances, whether his property is taken under the Condemnation Law or under the provisions of the charter. The result to the owner may be the same in that he is compelled to give up his property; and I think

in this case allowances should be made if authority could be found. But the court has no inherent power to grant costs or allowances, and must look to the statute for authority.

The proceeding before us is brought under the provisions of the charter of the city of Buffalo, which provides that:

"Upon the confirmation of the report of the commissioners, the common council shall ascertain the amount of money required to pay the compensation awarded and the *cost* of the proceedings."

This is the only provision applicable here, and is urged by the owners as authority to tax *costs*, and, assuming that to be established, that the provisions of the Code of Civil Procedure furnish the details as to the amount to be allowed.

The above quotation from the charter cannot be construed to mean that *costs* to the owners are to be awarded. In my opinion, it contemplates the *cost* or expense that the city has incurred incident to the proceedings, for maps and surveys, for expert witnesses, etc. This cost or expense, if incurred, must be paid by the city, but, for the purpose of reimbursement, must be ascertained and charged to the proceeding.

Counsel for owners cite the case of Dexter & Northern R. R. Co. v. Foster et al., 142 App. Div. 240, 126 N. Y. Supp. 835, as authority for the allowance of costs; but this case was brought under the Condemnation Law, which, as stated, provides specifically for such allowances in a proper case. I am unable to find any case where costs have been awarded to owners whose lands had been taken by the city of Buffalo for street purposes, and in recent cases, notably the extension and opening of Morgan street, a like application was made and denied, and the order affirmed by the Appellate Division. Matter of the City of Buffalo, 137 App. Div. 929, 123 N. Y. Supp. 1110. In Matter of City of Brooklyn, 148 N. Y. 107, 42 N. E. 413, Judge Andrews says:

"We fully agree with the opinion of the judge at Special Term that an extra allowance should be made to the appellant for defending the proceedings to acquire its property, provided the court had power to make such allowance,"

—but finds that the statute under which the proceeding was taken made no provision for costs and allowances. The position of the owners in that case was similar to that of the owners here, and the court points out that it is impossible to apply the provisions of the Code in condemnation proceedings.

In Matter of Rapid Transit R. R. Com'rs, 197 N. Y. 81, 110, 90 N. E. 456, 465, Judge Vann applies the doctrine of the Brooklyn Case, and says:

"The statute provides for the payment of the fees of the commissioners and their necessary expenses and for the compensation of counsel designated by the corporation counsel to protect the interests of the city, but it does not, as we read it, either expressly or impliedly, provide for the payment by the city of any part of the expenses incurred by claimants for counsel or otherwise. * * * The counsel for the property owners are not mentioned."

So here, the Legislature, in its wisdom, has seen fit to omit any reference to the expenses of claimants in the charter provision; and, although the case warrants the awarding of costs and allowances, none can be made.